THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Roger W. et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>United Healthcare Insurance Company et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00824-DBB-DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs Roger W. and M.W. filed a complaint alleging claims under 29 U.S.C. §1132(a)(1)(B) for recovery of benefits[1] and 29 U.S.C. § 1132(a)(3) for violation of the Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA) against Defendants.[2] Defendants move to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Ohio. Plaintiffs have failed to file a response and the time to do so has passed. For the reasons discussed below, the Motion to Transfer is GRANTED.

Under the Local Rules a failure to "respond timely to a motion may result in the court granting the motion without further notice."[3] Defendants filed their motion on January 31, 2024, and Plaintiffs have not responded. Thus, the court may grant the motion.

Independent of this basis, the court notes that while unopposed, it appears the facts of this case warrant transfer. Under 28 U.S.C. § 1404(a), a court may transfer an action "[f]or the convenience of parties and witnesses [and] in the interest of justice, ... to any other district or

---

[1] Complaint, ECF No. 1, filed November 9, 2023.

[2] This matter is referred to the undersigned from Judge David Barlow under 28 U.S.C. §636 (b)(1)(A) to hear and determine all nondispositive pretrial matters.

[3] DUCivR 7-1(f) (2023).

division where it might have been brought or to any district or division to which all parties have consented."[4] "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[5] Among the factors a district court should consider are:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[6]

There is little concern in the areas of conflicts of law or local law because "when a case is transferred under § 1404(a), the transferee court must apply the same law as applicable in the transferor court, irrespective of whether the transfer was sought by the plaintiff or defendant."[7] Therefore, primary among the list of factors considered under § 1404(a) are the plaintiff's choice of forum and the accessibility of witnesses and other sources of proof.

Usually, a plaintiff's choice of forum will not be disturbed, "unless the balance is strongly in favor of the movant …."[8] This rule, however, has less applicability if the forum ""has little connection with the operative facts of the lawsuit."[9]

---

[4] 28 U.S.C. § 1404(a).

[5] *Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1515 (10th Cir.1991).

[6] *Id*. at 1516 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).

[7] *Id*. at 1515–16.

[8] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[9] *Tyson v. Pitney Bowes Long–Term Disability Plan*, 2007 WL 4365332 (D.N.J. December 11, 2007) (citing *Tischio v. Bontex, Inc*., 16 F.Supp.2d 511, 521 (D.N.J.1998)).

Here, Plaintiffs reside in Cincinnati, Ohio.[10] Plaintiffs' benefits arise under a healthcare plan whose sponsor, and administrator, are both Ohio corporations with their principal places of business in Cincinnati, Ohio. Defendant UnitedHealthcare Insurance Company (UHIC) is a Connecticut corporation with its principal place of business in Hartford, Connecticut. UHIC is the third-party claims administrator for medical benefits under the plan. There is nearly no connection between the operative facts relating to coverage and this forum. Plaintiff's have no tie to Utah. The plan was not administered or breached in Utah. Relevant documents are not located in Utah, and witnesses, if discovery is conducted, are not in Utah. Given these facts, Plaintiffs' choice of forum is insufficient to override considerations that dictate a transfer.[11]

ORDER

The Motion to Transfer Venue is GRANTED.


DATED this 4 March 2024.

Dustin B. Pead
United States Magistrate Judge

---

[10] Compl. ¶ 1.

[11] *See R.J. v. Optima Health*, 649 F. Supp. 3d 1207, 1216, 2022 WL 17690147 (D. Utah 2022) (transferring venue under 28 U.S.C.§ 1404(a)); *Danny P. v. Cath. Health Initiatives*, No. 1:14-CV-00022-DN, 2015 WL 164183, at *4 (D. Utah Jan. 13, 2015) (same); *Island View Residential Treatment Center, et al. v. Kaiser Permanente, et al.*, 2009 WL 2614682 (D. Utah Aug. 21, 2009) (same).